IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MEILYN V. XIONG**
919 South 3rd Avenue
Wausau, WI 54401

   Plaintiff,         Case No.: 21-cv-265

  v.             **JURY TRIAL DEMANDED**

**CONNEXUS CREDIT UNION**
2600 Pine Ridge Boulevard
Wausau, WI 54401

   Defendant.

## COMPLAINT

Plaintiff, Meilyn V. Xiong, through her attorneys, Hawks Quindel, S.C., by Colin B. Good and Hayley I. Archer, for her Complaint against the Defendant, Connexus Credit Union, states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Meilyn V. Xiong, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12132, *et seq.* ("Title VII") and the Civil Rights Act of 1866 and alleges discrimination based on her race and national origin and retaliation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under Title VII and Section 1981.

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this district.

4. The Court has personal jurisdiction over Defendant, Connexus Credit Union, because Defendant's principal offices are located in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a Complaint of Discrimination with the State of Wisconsin Equal Rights Division ("ERD") on December 5, 2019. Pursuant to the work-sharing agreement between the ERD and the United States Equal Employment Opportunity Commission ("EEOC"), the ERD initiated and completed a six (6) month investigation into Ms. Xiong's allegations.

6. On June 16, 2020, the ERD issued its Initial Determination of "No Probable Cause" indicating that it did not find a preponderance of evidence upon which to support an initial determination that Connexus Credit Union violated the Wisconsin Fair Employment Act ("WFEA").

7. Ms. Xiong appealed the Initial Determination on June 23, 2020, and the case was certified to hearing.

8. On December 4, 2020, Ms. Xiong withdrew her complaint from the ERD and requested a Notice of Right to Sue from the EEOC. Ms. Xiong received the letter, dated January 21, 2021. This action is brought within ninety (90) days after receipt of said Notice. A true and correct copy of the Right to Sue letter is attached hereto as **Exhibit A**.

## PARTIES

9. Plaintiff, Meilyn V. Xiong ("Ms. Xiong"), is an adult resident of the State of Wisconsin residing at 919 South 3rd Avenue, Wausau, WI 54401.

10. Defendant, Connexus Credit Union ("Connexus"), is a Wisconsin chartered credit union with its principal place of business in Wausau. Connexus is a "financial institution" within the meaning of Regulation E (12 C.F.R. § 1005.2(i)).

## FACTUAL ALLEGATIONS

11. Connexus hired Ms. Xiong as a Branch Supervisor in the Member Services Department in September 2018.

12. Ms. Xiong's position included assisting members and prospective members access the credit union's full range of products and services. As part of her duties, Ms. Xiong assisted Connexus' Hmong members.

13. On February 7, 2019, Ms. Xiong took part in a conversation with her manager, Jenn Traska, in which Ms. Traska made several demeaning comments about Connexus' Hmong members.

14. During the discussion referenced in paragraph 13, Ms. Xiong explained that when Ms. Traska assigned her to work on the lobby line and perform the duties of a Member Service Representative, she would work longer hours, even on weekends, in order to meet the demands of the supervisory position.

15. During the discussion referenced in paragraph 13, Ms. Xiong explained that her schedule was strained when she assisted the large volume of non-English speaking Hmong members with access or discussed their depository accounts, as many required additional assistance.

16. Ms. Traska replied that Ms. Xiong needed to "teach Hmong members how to fish," which was demeaning to both Ms. Xiong specifically and to the Hmong community generally.

17. Additionally, Ms. Traska instructed Ms. Xiong to "write down the amount Hmong members should withdraw from their accounts on a piece of paper to hand to the teller every time they come in," as though Hmong members could not determine the amount themselves and/or that this is the only service Hmong members sought or would be provided.

18. On February 12, 2019, at the request of Ms. Traska and in the presence of Patricia Barrientos, Ms. Xiong took part in another conversation with Ms. Traska. Ms. Xiong disclosed that she found Ms. Traska's comments to be offensive and inappropriate. Ms. Xiong articulated that Ms. Traska's comments about teaching Hmong people "how to fish" and suggesting she notate a dollar amount on a piece of paper with an amount to withdraw was discriminatory, insensitive, and a legal liability. In addition, Ms. Xiong expressed concern about Connexus's refusal to retain additional staff who could assist its Hmong clientele.

19. During the discussions referenced in paragraph 18, Ms. Xiong became emotional when explaining to Ms. Traska her parents' hardships, in her childhood, which contributed to their inability to read, write, and speak English, as it did for so many other Connexus Hmong members.

20. Several days later, Ms. Traska fabricated allegations to Connexus' Human Resources department that Ms. Xiong was responsible for creating a hostile work environment.

21. As a result of Ms. Traska's allegations, Connexus suspended Ms. Xiong and opened an investigation.

22. At the conclusion of the investigation, Ms. Xiong was cleared of the allegations.

23. On May 8, 2019, Ms. Xiong filed a report with Connexus' Human Resources department alleging discrimination, harassment, and retaliation against Ms. Traska and in regards to Respondent's policies, procedures, and actions during her employment and the investigation process. Ms. Xiong's report included allegations that other Connexus employees had used derogatory language, made unprofessional and/or hostile remarks, and gossiped about personal matters.

24. Shortly after receiving Ms. Xiong's report, Connexus placed Ms. Xiong on a performance improvement plan.

25. Connexus terminated Ms. Xiong's employment on June 3, 2019, when she was late to a meeting, even though she was late because she was dropping off materials for the "Cure the Cancer" drive, an event sponsored by Connexus.

### PLAINTIFF'S FIRST CAUSE OF ACTION:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. § 2000e, *et seq.*

26. Plaintiff re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

27. Defendant, through its employees and agents, terminated Ms. Xiong's employment because of her race (Asian) and national origin (Hmong) and because of her opposition to discrimination against herself and others.

28. The termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, causing Ms. Xiong damages that continue to accrue.

### PLAINTIFF'S SECOND CAUSE OF ACTION:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. § 2000e, *et seq.*

29. Plaintiff re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

30. Plaintiff engaged in protected activities when she filed a complaint with Human Resources.

31. Plaintiff suffered an adverse employment action when Defendant terminated her employment.

32. Plaintiff's termination was causally connected to her engagement in protected activities and was taken in retaliation for same.

33. The termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, causing Ms. Xiong damages that continue to accrue.

## PLAINTIFF'S THIRD CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1981.

34. Plaintiff re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

35. By terminating Ms. Xiong's employment because of her race and national origin, Defendant has deprived Ms. Xiong of the full and equal benefit of all laws, in violation of 42 U.S.C. § 1981.

36. Defendant's conduct has caused Ms. Xiong damages that continue to accrue.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Ms. Xiong as a result of Defendant's discriminatory conduct, together with interest thereon;

B. Compensatory and punitive damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Ms. Xiong's costs in this action, including her reasonable attorney's fees, litigation expenses, and costs; and

D. Such other legal and equitable relief as the Court deems just and proper, including reinstatement to the position in which Ms. Xiong would now be employed but for the unlawful termination.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 20th day of April, 2021.

> HAWKS QUINDEL, S.C.
> *Counsel for Plaintiff, Meilyn V. Xiong*
>
>
> By: */s/ Colin B. Good*
> Colin B. Good, State Bar No.: 1061355
> Email: cgood@hq-law.com
> Hayley I. Archer, State Bar No.: 1101459
> Email: harcher@hq-law.com
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236